

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Amal Bennett-Judge

Petitioner,

V.

Civil ~~Miscellaneous~~ No.: 1:20-CV-0597

The State of Georgia,

Respondent.

Amal Bennett-Judge
Pro Se
444 Sycamore Dr.
Decatur, GA 30030

PETITION FOR WRIT OF MANDAMUS

Relief Sought

Petitioner Amal Bennett-Judge respectfully requests that the District Court grant a writ of mandamus and direct the State of Georgia to promptly authenticate the IP address for digital evidence in the State of Georgia v. Amal Bennett-Judge. Thus, make the State of Georgia demonstrate subject matter jurisdiction over allegations that happen in the Republic of France by a Florida citizen with the Court providing geolocation of digital stamps for all electronic evidence between the accused in France and the accuser in South Africa.

The American Law Reports list ways to establish a comprehensive foundation to authorize a digital stamp for IP address. The publication suggests that the proponent demonstrate "the reliability of the computer equipment", "how the basic data was initially entered", "the measures taken to ensure the accuracy of the data as entered", "the method of storing the data and the precautions taken to prevent its loss", "the reliability of the computer programs used to process the data", and "the measures taken to verify the accuracy of the program" like location of the sender and receiver. An Internet Protocol address consists of four numbers, each between 0 and 255, separated by periods. The first number signifies the computer's geographic region; the second number a specific Internet Service Provider; the third a specific group of computers; and the fourth a specific computer within that group noted in Thomas v. Network Solutions, Inc.

Issues Presented

1. Does the State of Georgia have the right to deny the petitioner a speedy trial in regards to its State and US Constitution? Ms. Bennett-Judge filed a demand for a speedy trial during the term her case was re-indicted. Seven terms later, her trial is a specialty set for February 24, 2020. Thus, the lower Court violated the state and country's constitutions regarding a speedy trial demand. Currently, there is a pending investigation by the Georgia Judicial Qualifications Commission over the judge presiding over the case for such infringement.
2. Does the State of Georgia have subject matter jurisdiction over allegations that happened between a Florida citizen in the Republic of France and South African resident? In the discovery, the Prosecutor only presents digital evidence without IP addresses. According to *Brady v. the State of Maryland*, the prosecutor must present all exculpatory evidence to

the defendant that helps proves the defendant's innocence. The petitioner asks that this includes authentication of geolocation coordinates of the receiver and sender of all digital evidence verified by IP addresses. If the Florida citizen was in France when allegations happened and the digital evidence authenticates this, then does Georgia have subject matter jurisdiction between a Florida citizen and South Africa resident in France?
3. Does the State of Georgia have the right to infringe on Ms. Bennett-Judge's right to exercise her freedom to protest against sexual misconduct in France as a Florida citizen against a South African resident? While in France, Ms. Bennett-Judge filed a criminal complaint against the French executive for sexual misconduct as her superior.
4. Does the State of Georgia have a right to rule on allegations that the French prosecutor already dismissed against the defendant? Does this violate double-jeopardy?
5. Should Ms. Bennett-Judge be punished for creating a precedent for Time's Up Movement - three years before?

Facts to Understand the Case

The petitioner is a small business owner, community organizer, and former executive of a French television company. She was involved in politics and interned at the White House, U.S. Senate, and House of Representation. Respected media companies like *Rollingstone*, NPR, Huffington Post, Al Jazeera, CBS, BBC, and Channel 4 in London celebrated her numerous initiatives. Due to standing up against sexual misconduct from her boss in the Republic of France, she waits for trial in the State of Georgia as a Florida citizen. The State of Georgia lacks subject-matter jurisdiction over allegations that took place in France with a South African resident.

The petitioner filed the U.S. because she was pursued by a retired Drug Enforcement Agency official, JT Summers, who was a private investigator hired by the CEO. The petitioner alleged that the CEO sodomized her France and filed charges against him in the Republic of France. The private investigator attempted to arrest her under the color of law for protesting against the CEO's sexual misconduct while the defendant visited her parents. The private investigator, licensed in Georgia, tried to illegally obtain medical records under the guise of a legitimate investigation. The petitioner made a complaint to Georgia's Secretary of State and the Atlanta office of the Federal Bureau Investigation. After a failed response, she realized that her life did not matter in regards to law enforcement in the United States, so she fled for France in hopes of political asylum.

While in France, she experienced even more trauma. The defendant began a hunger strike outside of the television's headquarters to bring awareness of her plight and the company's deception and retaliation that caused her indigency. The hunger strike ravaged her body and left her dangerously weak. She sought help so she could heal and recuperate in peace. However, she

was picked up by French hospital officials who coerced her into taking dangerous treatments against her will. She was forcibly injected with a tranquilizer due to the CEO's misuse and manipulation of medical authorities. She responded adversely to the various medications and suffered near-fatal allergic reactions.

After she was released, the world outside the hospital was also cruel. While sleeping outside, sheltered at Catholic churches, and camping in abandoned buildings, she had to fend off the sexual assault on numerous instances. In one instance, she was even hospitalized after being drugged. At the hospital, the emergency room doctors gave me abortifacient. She was also given other antiviral medications to prevent HIV at the hospital. Barely escaping my intolerable experience in France, her parents scraped enough money to bring the defendant home finally. As soon as she arrived in the U.S., she was arrested at U.S. Customs.

The petitioner stood before a magistrate judge in the Commonwealth of Massachusetts. The Honorable Judge in Boston found the prosecution malicious and sent her back to Georgia on her recognizance.

After a speedy trial in motion demanded, seven court terms later she waits for trial. In the immortal words of humble humanitarian and Georgia native Martin Luther King, Jr., "injustice anywhere is a threat to justice everywhere. We are caught in an inescapable network of mutuality, tied in a single garment of destiny. Whatever affects one directly, affects all indirectly." Thus, she sees gender and economic equality justice as a realization of King's Dream.

Unfortunately, that dream has been deferred because the French television conglomerate has been acquired by an American company in 2018. The company discarded the complaints of sexual exploitation raised by the plaintiff and attempted to obscure the factual evidence of malfeasance from 2015.

The Reason for the Writ of Mandamus

The petitioner respectfully requests this Court issue a writ of mandamus to the prosecutor in the State of Georgia. The petitioner requests that the State authenticate the longitude and latitude of all digital evidence through IP address submitted in discovery to prove the jurisdiction of Georgia and not the republic of France or South Africa (Article 4). The petitioner's former boss accused her of extortion and stalking in the wrong state. Ms. Bennett-Judge is a Florida citizen and not a Georgia citizen. Furthermore, the alleged crimes happened in France with a South African resident and a Florida citizen. Indeed, the petitioner was tried in France and the French prosecutor dismissed the case from the South African resident.

Thus, the petitioner asks this Court to issue a writ of mandamus to provide evidence that the crime for which it alleges happened within its jurisdiction. However, if the State Prosecutor fails to authenticate digital evidence IP address then the Respondent should withdraw the case against the petitioner.

Parties

Petitioner Amal Bennett-Judge is a citizen of the State of Florida since 2014.

Respondent Cristina Robinson is an assistant prosecutor for the State of Georgia. For this reason, she should authenticate the IP address of all digital evidence through the means of geolocation and prove the jurisdiction of the state of Georgia.

Jurisdiction

Federal Court has the authority to issue writs of mandamus to state officers. Therefore, the US District Court has the authority to issue the writ of mandamus to demand the prosecutor prove jurisdiction and correct venue. The Court too has the power to inquire if the state provides evidence that a crime which it is prosecuting happened within its jurisdiction. Georgiacarry.Org, Inc. v. Allen's case is a good precedent that sets an excellent example of this petition.

Argument

a. Violation of State Jurisdiction Laws

The United States has two tiers of government; there is the federal government and the state government. Some laws are put in place to guide states and the federal government on the extent to which they can exercise their power. The 1962 Federal Report titled "JURISDICTION OVER FEDERAL AREAS WITHIN THE STATES" contains the areas where the federal government has powers. Therefore, the U.S. Constitution lays down areas of jurisdiction for each level of government. Certain rights and obligations are handled by state governments while others are left for the federal government. International matters are some of the areas that are exclusively left for the federal government. Therefore, just like in the Cherokee Nation v. Georgia case, the State of Georgia should allow a higher court to determine the proper venue.

Conclusion

For reasons stated herein in consideration to Article 4 of the American Constitution, it is clear that Georgia is overstepping its jurisdiction. Further, the statute of Georgia, §101.161 is clear on

the legal limits of the state. Yet still, the petitioner had already been accused and tried in another jurisdiction, France, and cleared of the charges. For these reasons, it is clear the reasons why the Georgia Prosecutor should inform the Court why the state needs to pursue a witch hunt between a Florida citizen protesting sexual misconduct in the Republic of France against the alleged victim in South Africa.

The petitioner demands that the The State of Georgia respond by February 24, 2020 or within ten days of being served this document.

## Affidavit

I, Amal Bennett-Judge, hereby certify that the above statements are true and correct to the best of my knowledge.

*Amal Bennett-Judge*

February 7, 2020

CERTIFICATE OF SERVICE

I have this day perfected service of this PETITION FOR WRIT OF MANDAMUS given to Respondent at the following address on February 11, 2020:

Fulton County Prosecutor's Office
Or
Shakura I. Millender CourtRoom, 7E
136 Pryor St SW, Atlanta, GA 30303

_____
Petitioner 2/11/2020

_____
Respondent 2/11/2020